UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARY A BAYHAM, JR.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-1815** |
| | * | |
| **GROSSE TETE WELL SERVICE,** | * | **SECTION "L"(1)** |
| **INC., ET AL.** | * | |

## ORDER & REASONS

Before the Court is a Motion for Reconsideration (Rec. Doc. No. 58) filed by Plaintiff. The Court, having reviewed the submitted memoranda and the applicable law, is ready to rule. For the following reasons, the Plaintiff's Motion for Reconsideration is denied.

### I.  BACKGROUND

This case arises out of injuries sustained by Plaintiff Carl A. Bayham, Jr., on December 1, 2010, while he was employed by Gross Tete Well Services ("Grosse Tete") as a floor hand, assigned to a truck-mounted workover rig secured to a barge, the GROSSE TETE 1. Plaintiff alleges that, on that date, he was advised that the well he was working on was "dead" (that is, there were no combustible gases present). However, as he was using an acetylene torch to cut bolts on the well, the well head exploded, causing him serious burns and injury to his low back and other parts of his body. Plaintiff filed suit in this Court against Defendant Grosse Tete, his employer, as well as Louisiana Delta Oil Company ("Louisiana Delta"), the well owner, and B&B Oilfield Services ("B&B"), the site consultants. Plaintiff alleges that his injuries were a direct result of Defendants' negligence, including their failure to provide a reasonably safe place to work, negligently representing that the wellhead was free of combustible gases, and negligent supervision. Plaintiff has filed suit under the Jones Act and general maritime law, seeking damages for mental and physical pain and suffering, loss of wages, loss of earning capacity, past

1

and future medical expenses, permanent disability, and loss of life's enjoyment, and additionally seeks maintenance and cure.

Defendant Grosse Tete has filed an answer denying liability and asserting the affirmative defense that Plaintiff was not a Jones Act seaman. Therefore, Grosse Tete contends, Plaintiff's claim against it is governed by workers' compensation and not the Jones Act. Grosse Tete also argues that the accident was the result of the negligence of Plaintiff and/or a third party. In addition, Grosse Tete has filed a cross-claim against Defendants Louisiana Delta and B&B. Grosse Tete asserts that the damages it sustained as a result of the explosion were caused by the negligence of Louisiana Delta and B&B. According to Grosse Tete, Louisiana Delta and B&B are responsible because they provided false information regarding the nature of the production tree, failed to determine the true nature of the production tree, failed to properly train their employees, and failed to properly protect Grosse Tete's property.

Defendant Louisiana Delta has filed an answer denying liability and asserting affirmative defenses, including comparative negligence, negligence of a third-party, and failure to mitigate damages. Louisiana Delta has also filed cross-claims against Grosse Tete and B&B, asserting that the explosion and damage to Louisiana Delta's property was caused by the negligence of Grosse Tete and B&B, including failure to adequately plug the well, failure to train their employees, and failure to take sufficient precautionary measures. Finally, Louisiana Delta has filed a counter-claim against Mr. Bayham, contending that the explosion and property damage were a result of his negligence.

Defendant B&B has filed an answer denying liability and asserting affirmative defenses. B&B denies that the work was directed and/or supervised by its representatives and denies that it made any claims about the status of the wellhead.

On February 27, 2012, and March 27, 2012, the parties filed Cross-Motions for Summary

Judgment on the issue of Jones Act seaman status. On May 22, 2012, the Court granted Plaintiff's Motion for Summary Judgment and denied Defendant's Motion for Summary Judgment, ruling that the Plaintiff qualified as a Jones Act seaman.

On June 20, 2012, Defendant filed a Motion for Leave to Appeal (Rec. Doc. No. 55) the Court's Order and Reasons denying Defendant's Motion for Summary Judgment (Rec. Doc. No. 53). Defendant argued that because the Court was sitting in admiralty, Defendant had the right to appeal the Court's interlocutory order on the Cross-Motions for Summary Judgment pursuant to 28 U.S.C. § 1292(a)(3). The Court granted Defendant's Motion for Leave to Appeal and stayed the case pending the Fifth Circuit's resolution of Defendant's appeal.

## II.  PRESENT MOTIONS

Plaintiff has filed a Motion for Reconsideration (Rec. Doc. No. 58), arguing that the Court's Order denying Defendant's Motion for Summary Judgment is neither "appealable as a matter of right" nor appropriate for certification for immediate appeal. Plaintiff cites *In Re the Complaint of Patton-Tully Transportation Company*, 715 F.2d 219 (5th Cir. 1983), in which the Fifth Circuit held that the determination that the plaintiff was a Jones Act seaman was not appealable under 28 U.S.C. § 1292(a)(3).

Defendant has filed an opposition to Plaintiff's Motion. First, Defendant argues that because the Notice of Appeal has been filed, this Court lacks jurisdiction in this case. Second, Defendant asserts that the Fifth Circuit's holding in *Patton-Tully* is distinguishable because the plaintiff in that case had not filed his Jones Act suit pursuant to Rule 9(h), and therefore the plaintiff did not have a right to an interlocutory appeal under 28 U.S.C. § 1292(a)(3). As a result, Defendant contends, the court's ruling in *Patton-Tully* is inapplicable to this case, which was filed pursuant to Rule 9(h).

## III.  LAW AND ANALYSIS

Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). Rule 59(e) governs when the motion is filed within 28 days of the challenged order. *See* Fed.R.Civ.P. 59(e). Because Plaintiff's Motion seeks reconsideration of the Court's Order of June 21, 2012, and was filed within 28 days of entry of this Order, the Court treats the Motion as one pursuant to Rule 59(e).

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir.1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir.2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir 2004)). In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995). Yet at the same time, the Rule 59(e) standard "favors denial of

motions to alter or amend." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiff requests the Court to reconsider its Order granting Defendant's Motion Leave to Appeal. According to the United States Supreme Court, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In the case of a Notice of Appeal under 28 U.S.C. § 1292(a)(3) in admiralty, where the order appealed from is interlocutory and not certified as final, the only thing the district court retains jurisdiction over is whether to also certify under Rule 54(b). *See Gabarick v. Laurin Maritime (America), Inc.*, 650 F.3d 545, 551 (5th Cir. 2011).

In the instant case, the Court granted Defendant's Motion for Leave to Appeal on June 21, 2012. A Notice of Interlocutory Appeal has been filed. Therefore, the Court only retains jurisdiction in this matter for the purposes of a decision to certify under Rule 54(b). The Court does not have jurisdiction to decide Plaintiff's Motion for Reconsideration. Accordingly, Plaintiff's Motion must be denied.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Rec. Doc. No. 58) is hereby **DENIED**.

New Orleans, Louisiana, this 3rd day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE