UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARY A BAYHAM, JR.** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 11-1815 |
| | * | |
| **GROSSE TETE WELL SERVICE, INC., ET AL.** | * | SECTION "L"(1) |
| | * | |

## ORDER & REASONS

Before the Court is a Motion for Summary Judgment filed on behalf of Eugene Carter, Lafourche Area Geoscience, LLC, Louisiana Delta Oil Co., L.L.C. (R. Doc. 82). The Court, having reviewed the submitted memoranda and the applicable law, and also having heard the oral arguments of counsel at a hearing on May 1, 2013, now issues this Order and Reasons.

## I.  BACKGROUND

This case arises out of injuries sustained by Plaintiff Carl A. Bayham, Jr., on December 1, 2010, while he was employed as a floor hand for Defendant Gross Tete Well Services ("Grosse Tete"), assigned to a truck-mounted workover rig secured to a barge, the GROSSE TETE 1. Plaintiff alleges that, on that date, he was advised that the well he was working on was "dead" (that is, there were no combustible gases present). However, as he was using an acetylene torch to cut bolts on the well, the well head exploded, causing him serious burns and injury to his low back and other parts of his body. Plaintiff filed suit in this Court against Defendant Grosse Tete, as well as Louisiana Delta Oil Company ("Louisiana Delta"), the well owner, and B&B Oilfield Services ("B&B"), the site consultants. Plaintiff alleges that his injuries were a direct result of Defendants' negligence, including their failure to provide a reasonably safe place to work, negligently representing that the well head was free of combustible gases, and negligent supervision. Plaintiff has filed suit under the Jones Act, seeking damages for mental and physical

1

pain and suffering, loss of wages, loss of earning capacity, past and future medical expenses, permanent disability, and loss of life's enjoyment, and additionally seeks maintenance and cure.

Defendant Grosse Tete filed an answer denying liability and asserting the affirmative defense that Plaintiff was not a Jones Act seaman. Therefore, Grosse Tete contended, Plaintiff had been duly compensated by the workers' compensation laws of Louisiana and did not deserve Jones Act recovery.  As discussed further below, the United States Court of Appeals for the Fifth Circuit dismissed Grosse Tete's appeal of this Court's ruling affirming Plaintiff's status as a Jones Act seaman. In its Answer, Grosse Tete also argues that the accident was the result of the negligence of Plaintiff and/or a third party. In addition, Grosse Tete has filed a cross-claim against Defendants Louisiana Delta and B&B. Grosse Tete asserts that the property damage it sustained as a result of the explosion was caused by the negligence of Louisiana Delta and B&B. According to Grosse Tete, Louisiana Delta and B&B are responsible because they provided false information regarding the nature of the production tree, failed to determine the true nature of the production tree, failed to properly train their employees, and failed to properly protect Grosse Tete's property.

Defendant Louisiana Delta has filed an answer denying liability and asserting affirmative defenses, including comparative negligence, negligence of a third-party, and failure to mitigate damages. Louisiana Delta has also filed cross-claims against Grosse Tete and B&B, asserting that the explosion and damage to Louisiana Delta's property were caused by the negligence of Grosse Tete and B&B, including failure to adequately plug the well, failure to train their employees, and failure to take sufficient precautionary measures. Finally, Louisiana Delta has filed a counter-claim against Mr. Bayham, contending that the explosion and property damage were a result of his negligence.

Defendant B&B has filed an answer denying liability and asserting affirmative defenses.

2

B&B denies that the work was directed and/or supervised by its representatives and denies that it made any claims about the status of the wellhead.

On February 27, 2012, and March 27, 2012, the parties filed Cross-Motions for Summary Judgment on the issue of Jones Act seaman status. On May 22, 2012, the Court granted Plaintiff's Motion for Summary Judgment and denied Defendant's Motion for Summary Judgment, ruling that the Plaintiff qualified as a Jones Act seaman.

On June 20, 2012, Defendant filed a Motion for Leave to Appeal (R. Doc. 55) the Court's Order and Reasons denying Defendant's Motion for Summary Judgment (R. Doc. 53). Defendant argued that because the Court was sitting in admiralty, Defendant had the right to appeal the Court's interlocutory order on the Cross-Motions for Summary Judgment pursuant to 28 U.S.C. § 1292(a)(3). The Court granted Defendant's Motion for Leave to Appeal and stayed the case pending the Fifth Circuit's resolution of Defendant's appeal. On February 26, 2013, the United States Court of Appeals for the Fifth Circuit issued a judgment denying Grosse Tete's appeal of this Court's ruling.

On April 16, 2013, Louisiana Delta filed a Motion for Summary Judgment on its own behalf and on behalf of Eugene Carter and Lafourche Area Geoscience, LLC ("Lafourche").

## II.  PRESENT MOTION

In support of its Motion for Summary Judgment, Louisiana Delta argues that its company man, Eugene Carter, did not exercise operational control over the conversion of Louisiana Delta's well into a saltwater disposal well. Louisiana Delta argues that the toolpusher, Denny Comeaux, made all material decisions regarding the work and controlled the crew actions that led to the fire. Therefore, Louisiana Delta argues, there are no genuine issues of material fact as to the independent liability of Louisiana Delta, Carter, or Lafourche.

More specifically, Louisiana Delta argues that Eugene Carter, a consulting geologist,

3

"does not possess any expertise concerning the actual makeup of wellheads" and the safety and technical issues involved in the conversion process. Louisiana Delta concedes that Carter gave the go-ahead to use the torches to cut the wellhead bolts, but insists that Carter did so only after receiving assurances from Denny Comeaux that the use of the torches was safe. Similarly, Louisiana Delta concedes that Carter gave the go-ahead to proceed with cutting without setting a back-pressure valve, but insists that Denny Comeaux had assured him that the valve was unnecessary.

The parties filed a total of five oppositions to the instant Motion. Plaintiff's opposition (R. Doc. 92) was joined by B & B Oilfield Services (R. Doc. 95). Grosse Tete filed a total of three oppositions in its different capacities: (1) as Defendant (R. Doc. 93); (2) as Plaintiff-in-crossclaim (R. Doc. 94); and as cross-Defendant (R. Doc. 96).

In his opposition, Plaintiff argues that Carter actively managed the safety aspects of the conversion, including ordering B & B to send a worker with multiple sizes of back-pressure valves, because though Carter did not know what type of Christmas Tree was affixed to the well he knew that use of a back-pressure valve would provide "additional safety" during the conversion. Plaintiff argues that Carter's deposition testimony demonstrates that he made the ultimate decision to engage in cutting without a back-pressure valve despite his own safety concerns. Carter's testimony also reveals that he had "final authority" over what work should proceed and over worker safety and that "the buck stopped" with him. Plaintiff further argues that Carter ignored a B & B representative's attempt to invoke his stop-work authority because of his concerns about proceeding with cutting in the absence of a back-pressure valve.

In sum, Plaintiff argues that Louisiana Delta failed to inform Carter as to critical details regarding the conversion project (including the type of Christmas Tree), then sent him to supervise the work despite his lack of relevant expertise; furthermore, Carter made ultimate

4

decisions to proceed with the work in an unsafe fashion despite his own safety concerns. Accordingly, Plaintiff argues that Carter's operational control of the wellhead is pregnant with genuine issues of material fact and that Louisiana Delta's Motion for summary judgment should be denied.

Grosse Tete's multiple opposition memoranda echo the arguments made by Plaintiff. These memoranda also point to the expert report provided by Neal Adams, which assigns liability for "operational negligence" not only to Grosse Tete but also to Carter and Louisiana Delta. Adams's report further identifies areas of conflicting testimony among Carter, Comeaux and Olivier (the B & B representative), which in its view preclude summary judgment.

## III. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks and citation omitted). Accordingly, "district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all her evidence." *Id.* at 326.

5

### B. Operational Control

The parties' filings indicate that, at best, Louisiana Delta's operational control over the conversion of its well is a matter of genuine factual dispute. As the United States Court of Appeals for the Fifth Circuit has explained on several occasions, "The law governing this dispute is well established. A principal is not liable for the torts of an independent contractor unless the principal exercises operational control over or expressly or impliedly authorizes the independent contractor's actions." *Landry v. Huthnance Drilling Co.*, 889 F.2d 1469, 1471 (5th Cir. 1989). The parties' submissions indicate genuine issues of material fact as to both conditions: the parties dispute Louisiana Delta's exercise of operational control and its express or implied authorization of the use of cutting torches without a back-pressure valve. Accordingly, the issue is not ripe for summary judgment and Louisiana Delta's Motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of Louisiana Delta, Eugene Carter, and Lafourche Area Geoscience, LLC (R. Doc. 82) is hereby **DENIED**.

New Orleans, Louisiana, this 20th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE